**IN THE UNITED STATES DISTRICT COURT
FOR THE NOR THERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOHN DEBLASIO,** | ) |
| | ) |
| PLAINTIFF, | ) Case No. 13- CV-1627 |
| V. | ) |
| | ) |
| **SABRINA WADHAMS,** | ) |
| | ) |
| DEFENDANT. | |

**COMPLAINT:
ELECTRONIC COMMUNICATIONS PRIVACY ACT ("ECPA")
18 U.S.C.A. § 2511 et seq.**

Plaintiff, JOHN DeBLASIO (hereinafter "DEBLASIO"), complains against Defendant, SABRINA WADHAMS (hereinafter "WADHAMS"), as follows:

**THE PARTIES**

1. At all times relevant hereto Plaintiff, DEBLASIO, was a natural person and resident of the State of Illinois, residing at all times relevant hereto in DuPage County, Illinois, and subsequently in Cook County, Illinois, all within the Northern District of Illinois, Eastern Division.

2. At all times relevant hereto Defendant, WADHAMS, was a natural person and resident of the State of Illinois, residing at all times relevant hereto in Will County, Illinois, and within the Northern District of Illinois, Eastern Division.

**JURISDICTION AND VENUE**

3. Jurisdiction is based upon federal statutory law, to wit: 18 U.S.C.A. § 2511 et. seq., and in particular 18 U.S.C.A. § 2520, which allows for a private right of action for persons aggrieved by an unlawful interception of wire, oral, or electronic

communications.

4. Venue is proper in the Northern District of Illinois, Eastern Division, in that all parties reside within such jurisdiction, and all events complained of herein occurred within such jurisdiction.

**OPERATIVE FACTS**

5. At all times relevant hereto John DeBalsio was a shareholder and officer of Black Knight Partners Inc., an Illinois Corporation (hereinafter "BKP"). BKP owned and operated a self-storage facility in Shorewood, Illinois.

6. Wadhams was an employee of BKP, and is now a former BKP employee.

7. On or about November 20, 2012, and for the first time, DeBlasio learned that Wadhams, during the term of her employ with BKP, would surreptitiously pick-up another phone located at the BKP Shorewood facility and listen to his (DeBlasio's) phone calls when she (Wadhams) suspected that DeBlasio was discussing her (Wadhams) job performance or other aspects of her (Wadhams) employment with BKP.

8. On or about November 20, 2012, and for the first time, DeBlasio learned that during her term of employ with BKP that Wadhams would also surreptitiously open DeBalsio's private emails sent by him to other BKP employees. Wahdams would log onto the email accounts of other employees and read DeBlasio's emails when she (Wadhams) suspected that the emails concerned her (Wadhams) job performance or other aspects of her (Wadhams) employment with BKP.

9. Wadhams did not have permission to listen to private conversations between John DeBlasio and other BKP employees, nor did she have permission to open or view private emails sent by DeBlasio to other BKP employees.

## REQUEST FOR RELIEF

10. At all times relevant hereto there was in effect a statute, to wit: 18 U.S.C.A. § 2511 et. seq. Pursuant to 18 U.S.C.A. § 2520, a private right of action exists for persons aggrieved by an unlawful interception of private electronic and telephonic oral communications.

11. Plaintiff is a person so aggrieved.

**WHEREFORE**, plaintiff, **JOHN DeBLASIO**, prays for a judgment against **SABRINA WADHAMS** as follows:

A. Statutory damages in the amount of $10,000.00 for each violation, pursuant to 18 U.S.C.A. § 2520(a)(2)(B);

B. Plaintiff's attorney fees pursuant to 18 U.S.C.A. § 2520(b)(3);

C. Punitive damages pursuant to 18 U.S.C.A. § 2520(b)(2);

D. Such other and further relief this Court deems proper, just and fit.

By: /s/ Frank P. Andreano
Frank P. Andreano, one of
Plaintiffs' Attorneys

Frank P. Andreano, ARDC 06202756
Brumund, Jacobs, Hammel & Davidson LLC.
Attorneys for Plaintiff
58 East Clinton, Ste. 200
Joliet, Il 60432
(815) 723-0628
fandreano@brumund-jacobs.com

3